IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CELLULAR COMMUNICATIONS § <br> EQUIPMENT LLC, § <br>     Plaintiff § <br> § <br> v. § <br> § <br> KYOCERA CORPORATION, § <br> ET AL. § <br>     Defendants § | Case No. 6:15-cv-49 <br> JURY TRIAL DEMANDED |

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE
AS TO DEFENDANT VERIZON COMMUNICATIONS INC.**

Plaintiff Cellular Communications Equipment LLC ("CCE") and Defendants Verizon Communications Inc.[1] ("VCI") and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") submit the following Stipulation of Dismissal Without Prejudice as to Defendant VCI and in support thereof state:

1. On January 15, 2015, Plaintiff CCE filed suit against VCI, Verizon Wireless, and others for infringement of U.S. Patent No. 8,385,966 ("the '966 Patent") and U.S. Patent No. 8,868,060 ("the '060 Patent"). On April 16, 2015, CCE filed its First Amended Complaint.

2. VCI represents and warrants that:

    a. VCI is a holding company that has no employees, sales representatives, or distributors. Furthermore, VCI does not instruct, direct, or control the activities of its subsidiaries (or any other entity) relevant to (i) the operation or design of any cellular telephone communications network; or (ii) the operation or design of wireless device features and functionality.

---

[1] CCE's Complaint misidentifies Verizon Communications Inc. as Verizon Communications, Inc.

    b. VCI and Verizon Wireless agree that for purposes of discovery in this case, documents and information in the possession, custody or control of VCI or any of its subsidiaries are deemed also to be in the possession, custody and control of Verizon Wireless. Verizon Wireless will not object to a request for deposition on the grounds that the prospective deponent is an employee of VCI or any of its subsidiaries (though nothing in this stipulation prevents Verizon Wireless from objecting to a deposition on other grounds).

    c. Verizon Wireless is the proper party to defend against allegations made in this patent infringement lawsuit. Furthermore, Verizon Wireless or any assignee of Verizon Wireless is able to satisfy any judgment against it in this case. VCI and Verizon Wireless each warrant and represent that they will not take any action that will cause Verizon Wireless to be unable to fully satisfy any judgment entered in this case.

3. CCE expressly does not stipulate or agree to any of the foregoing facts and reserves its right to dispute any of the foregoing factual representations with evidence to the contrary.

4. In reliance upon the representations and warranties made in paragraphs 2(a) – 2(c) above, CCE agrees to dismiss VCI without prejudice as allowed under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

5. CCE has not released, and nothing in this Stipulation should be construed as a release or discharge of, any claim CCE has or may have in the future against any defendant named in this action or any other asserted infringer of the patents-in-suit. All other rights have been expressly reserved.

Accordingly, CCE, VCI, and Verizon Wireless request that the Court enter the attached order dismissing VCI without prejudice.

Dated: April 21, 2015

Respectfully submitted,

 /s/ Edward R. Nelson                  /s/ Sarah J. Kalemeris

| | |
|---|---|
| Edward R. Nelson, III | Michael E. Jones |
| ed@nelbum.com | State Bar No. 10929400 |
| Texas State Bar No. 00797142 | Patrick C. Clutter, IV |
| S. Brannon Latimer | State Bar No. 24036374 |
| Brannon@nelbum.com | mikejones@potterminton.com |
| Texas State Bar No. 24060137 | patrickclutter@potterminton.com |
| Thomas C. Cecil | Potter Minton, P.C. |
| tom@nelbum.com | 110 N. College Ave., Suite 500 |
| Texas State Bar No. 24069489 | Tyler, Texas 75702 |
| | Tel: (903) 597-8311 |
| NELSON BUMGARDNER, P.C. | Fax: (903) 593-0846 |
| 3131 West 7th Street, Suite 300 | |
| Fort Worth, Texas 76107 | Charles B. Molster, III |
| Phone: (817) 377-9111 | Virginia State Bar No. 23613 |
| Fax: (817) 377-3485 | Thomas M. Dunham |
| | D.C. Bar No. 448407 |
| **ATTORNEYS FOR PLAINTIFF** | cmolster@winston.com |
| **CELLULAR COMMUNICATIONS** | tdunham@winston.com |
| **EQUIPMENT LLC** | WINSTON &STRAWN LLP |
| | 1700 K Street, N.W. |
| | Washington, D.C. 20006-3817 |
| | Tel: (202) 282-5000 |
| | Fax: (202) 282-5100 |
| | |
| | Sarah J. Kalemeris (*pro hac vice*) |
| | Illinois Bar No. 6303644 |
| | WINSTON &STRAWN LLP |
| | 35 W. Wacker Drive |
| | Chicago, IL 60601-9703 |
| | Tel: (312) 558-5600 |
| | Fax: (312) 558-5700 |

skalemeris@winston.com

**ATTORNEYS FOR DEFENDANTS**
**VERIZON COMMUNCIATIONS INC.**
**AND CELLCO PARTNERSHIP**
    **D/B/A VERIZON WIRELESS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 21st day of April, 2015.  As of this date all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

                                                                               */s/ Sarah J. Kalemeris*_____
                                                                               Sarah J. Kalemeris

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **CELLULAR COMMUNICATIONS EQUIPMENT LLC,** | § § | |
| Plaintiff | § § | |
| | § | **Case No. 6:15-cv-49** |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **KYOCERA CORPORATION, ET AL.** | § § | |
| Defendants | § § | |

### STIPULATED ORDER OF DISMISSAL WITHOUT PREJUDICE
### AS TO DEFENDANT VERIZON COMMUNICATIONS INC.

Before the Court is the Stipulation of Dismissal Without Prejudice as to Defendant Verizon Communications Inc. submitted by Plaintiff Cellular Communications Equipment LLC and Defendants Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless.

Pursuant to stipulation of the parties, it is hereby ordered that Verizon Communications Inc. is dismissed from this action without prejudice.